IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GLEN JEFFREY LALE,

                    Petitioner,                    OPINION AND ORDER

        v.                                         09-cv-0124-bbc

MICHAEL DITTMAN, Warden,
Kettle Moraine Correctional Institution,

                    Respondent.

        Glen Jeffrey Lale, an inmate at the Kettle Moraine Correctional Institution, has filed

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges

his March 2007 conviction and resulting 66-month sentence in the Circuit Court for

Jefferson County on one count of operating a motor vehicle while intoxicated, as a fifth or

subsequent offense.  Petitioner contends that he is in custody in violation of the laws and

Constitution of the United States because 1) his lawyer was ineffective for failing to meet

with petitioner until 2 days before sentencing and for failing to present any mitigating

background information;  2) his sentence was unduly harsh; 3) his sentence was not based

on true and accurate information; and 4) his plea was not entered knowingly, voluntarily or

intelligently.  None of these claims has any merit.  Accordingly, I am denying the petition.

        The following facts are drawn from the record of the state court proceedings

submitted by respondent with his answer.

FACTS

Glen Jeffrey Lale is a habitual drunk driver.  On March 15, 2007, after pleading guilty, he was convicted in the Circuit Court for Jefferson of his seventh offense of operating a motor vehicle while intoxicated.  At sentencing, the circuit court indicated that although it could easily justify imposing the maximum sentence of six years, a reduction was warranted because petitioner was of good character and had accepted responsibility for his crime by pleading guilty.  The court imposed a sentence of 30 months' initial confinement followed by 36 months' extended supervision, to run consecutively to sentences that petitioner was serving on prior OWI cases for which his extended supervision had been revoked.  The court explained that it was not finding petitioner eligible for early release under either the Challenge Incarceration Program or the Earned Release Program "primarily because of the danger that he poses to the public.  That would be compromised by an early release, and such a compromise is unacceptable to the Court and it is not a risk that I am willing to take."  Habeas Answer, dkt. #9, exh. 2 at 124.

Unhappy with his sentence, petitioner filed an unsuccessful post conviction motion, followed by a direct appeal.  His appointed lawyer filed a no-merit report, finding no meritorious basis on which to appeal.  The state court of appeals agreed.  Addressing petitioner's contention that his lawyer provided ineffective assistance of counsel at sentencing, the court wrote:

> Lale contends that defense counsel should have presented more mitigating factors at his sentencing hearing, including his excellent education

2

and work history, as well as his history of depression, which was exacerbated by having two brothers with cancer.  The record shows, however, that defense counsel *did* discuss Lale's education and work history, explaining that he had lost his employment when his alcoholism and depression spun out of control. The trial court acknowledged that Lale had many good character traits, but considered a seventh drunk driving offense--while still on supervision for the last two and with a revoked license--to be "about as aggravated as you can get."  It noted that the nicest man in the world could still kill someone while driving drunk, and that none of the penalties previously imposed had stopped Lale from driving after drinking.  The court stated that a maximum sentence was warranted to protect the public, and only deviated downward due to Lale's positive character traits including taking responsibility for his actions by entering a plea.

    In short, even if defense counsel could have made other arguments to the court regarding Lale's character (and we are not persuaded that counsel's actual argument was deficient), it is plain on this record that the court had already given Lale credit for positive character traits, but considered the protection of the public to be the paramount factor in imposing sentence. Therefore, we see no reasonable probability that expanded argument from counsel on additional character factors would have led to a different sentence. It follows that Lale could not establish the prejudice prong of an ineffective assistance of counsel claim.

Wisconsin Court of Appeals' Op., Sept. 4, 2008, dkt. #9, exh. 1, at 45-46.

    The court also found no merit to petitioner's contention that the trial court should have found him eligible for the Earned Release Program because he had not had prior AODA treatment.  As the appellate court noted, petitioner had raised this issue at the post conviction hearing, arguing that the court had overlooked petitioner's limited treatment history when it found him ineligible for the Earned Release Program.  Petitioner founded this claim on the court's remark at sentencing that the system had "tried almost everything" to stop petitioner from drinking and driving.  At the post conviction motion hearing, however,

3

the trial court explained that in observing that the system had "tried everything," it had not been referring to treatment but rather to sanctions such as AODA assessments, license revocations and fines.  It declined to reconsider its decision regarding the Earned Release Program, stating that although it wanted petitioner to get treatment, it did not want him to have the opportunity for early release because of the risk he posed to the public.  Dkt. #9, exh. 2, at 147-52.

The court of appeals found no arguable basis to challenge the trial court's ruling.  Ct. of Appeals' Op., dkt. #9, exh. 1, at 47.  Overall, it found, petitioner's complaints "amount to little more than arguments that the trial court should have given more weight to the factors most favorable to him," which was a matter within the trial court's discretion and not a meritorious basis for appeal.  Id.

The Wisconsin Supreme Court denied petitioner's request for discretionary review.


OPINION

I.  Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a criminal defendant is entitled to a new trial because of his lawyer's mistakes.  First, the defendant must show that his trial counsel's performance fell below an objective standard of reasonableness, a test that requires the court to apply "a heavy measure of deference to counsel's judgments."  Id. at 690-91.  Second, he

must show that he was prejudiced by counsel's errors.  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his habeas petition and supporting brief, petitioner reiterates his claim that his lawyer did not represent him zealously enough and should have presented more mitigating evidence at the sentencing hearing.  Because this claim was adjudicated on the merits by the Wisconsin Court of Appeals, this court may not grant petitioner's application for a writ of habeas corpus unless the state court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, pursuant to § 2254(e)(1), the state court's findings of fact are presumed correct and it is the petitioner's burden to show by clear and convincing evidence that the state court's factual determinations were incorrect *and* unreasonable. Harding v. Walls, 300 F.3d 824, 828 (7th Cir. 2002).

When applying this deferential standard of review to Strickland claims, "[t]he question 'is not whether a federal court believes the state court's determination" under the Strickland standard 'was incorrect but whether that determination was unreasonable—a

substantially higher threshold.'"  <u>Knowles v. Mirzayance</u>, 129 S. Ct. 1411, 1420 (2009)

(quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)).  Further, because <u>Strickland</u>

establishes a flexible constitutional standard, "a state court has even more latitude to

reasonably determine that a defendant has not satisfied that standard."  <u>Id</u>. (citing

<u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)).

      Petitioner does not even come close to overcoming this doubly deferential standard

of review.  On these facts, which petitioner has not called into dispute, the court of appeals'

conclusion was not merely reasonable, it was the *only* reasonable conclusion it could have

reached.  As that court pointed out, not only was there no support in the record for

petitioner's allegation that his lawyer performed poorly at sentencing, but the court's

comments at sentencing made clear that petitioner was going to get a lengthy sentence no

matter what counsel did or said.  Unless the lawyer had the ability to turn back time, there

was nothing he could do to erase petitioner's previous six drunk driving convictions or the

fact that petitioner was on extended supervision for two of those convictions at the time he

committed his seventh offense.  Petitioner gets it right when he says the die had already been

cast, Reply, dkt. #11, at 2, but he fails to recognize that it was he who cast it.  Even without

§ 2254(d), petitioner could not prevail on his ineffective assistance of counsel claim.  The

lack of prejudice is manifest.

II.  <u>Propriety of Sentence</u>

A state sentence that falls within the limits prescribed by the legislature, as petitioner's did, is unconstitutional only if it was based upon inaccurate information, <u>Lechner v. Frank</u>, 341 F.3d 635 (7th Cir. 2003), or is "grossly disproportionate" to the crime.  <u>Henry v. Page</u>, 223 F.3d 477, 482 (7th Cir. 2000).  Petitioner argues that his was both.  With respect to his claim that his sentence was based on inaccurate information, he refers to the Earned Release Program, reiterating his contention that the trial court would have found him eligible if it was aware that he had not received AODA programming.  But as the state court of appeals noted, the trial court flatly refuted this contention, explaining that it did not make its eligibility determination based on any understanding that petitioner had already received AODA programming but rather on the fact that petitioner needed to be incarcerated for a long time in order to protect the public.  Because petitioner was not sentenced on the basis of any information that was materially untrue, <u>United States v. Tucker</u>, 404 U.S. 443, 447 (1972), the state appellate court reasonably rejected this claim.

As for his claim that his sentence was unduly harsh, petitioner points out that it was imposed consecutively to his other revocation sentences, he is more than 60 years old and the circumstances surrounding his offense were not egregious in that he did not injure any person or property and did not even receive a traffic violation.  A sentence violates the Constitution if it is extreme and "grossly disproportionate" to the crime.  <u>Solem v. Helm</u>, 463 U.S. 277, 288 (1983).  Three factors are relevant to the proportionality determination:  (1)

the inherent gravity of the offense;(2) the sentences imposed for similarly grave offenses in the same jurisdiction; and (3) sentences imposed for the same crime in other jurisdictions. Id. at 290-91. Neither in this court nor in the state court of appeals did petitioner attempt to make any showing that his 66-month sentence for his seventh drunk driving offense was disproportionate to that imposed for similar crimes or to sentences imposed for seventh offense drunk driving in other jurisdictions. Indeed, this court cannot conceive how petitioner could make such a showing. The sentence imposes a prison term of only two and one-half years; the remainder of the sentence is to be served on supervised release. Certainly, petitioner's is not the "exceedingly rare" and "extreme" case in which his sentence is so disproportionate to the offense that it violates the Constitution. Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quotations omitted).

## III.  Validity of Plea

Finally, petitioner alleges that his plea was not entered knowingly, voluntarily or intelligently. In support of this claim, petitioner suggests that his lawyer had colluded secretly with the district attorney or court and agreed to a sentence greater than the one-year consecutive sentence and minimum fine for which he had promised petitioner he would ask, and that if petitioner had known of these "clandestine meetings," he would not have entered the plea. Pet., dkt #1, at 6. There is not one shred of support in the record for this assertion. Petitioner's lawyer asked for a one-year consecutive sentence and presented mitigating evidence on petitioner's behalf. No newcomer to criminal proceedings, petitioner

signed a plea questionnaire and acknowledged on the record that he was aware that the court

was free to disregard the parties' sentencing recommendations.  This claim must be denied.


ORDER

IT IS ORDERED that the petition of Glen Jeffrey Lale for a writ of habeas corpus is

DENIED.

Entered this 21st day of September, 2009.


BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

9